# IN THE COURT OF APPEALS OF IOWA

No. 20-1144
Filed January 21, 2021

**IN THE INTEREST OF L.H. and E.H.,**
**Minor Children,**

**STATE OF IOWA,**
          Appellant,

**A.H., Mother,**
          Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, Emily S. Dean, District Associate Judge.

        A mother and the State separately appeal a permanency order regarding placement of L.H. and E.H.  **AFFIRMED ON BOTH APPEALS.**

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney, for appellant State.

        Sara Strain Linder of Bray & Klockau, Iowa City, for appellant mother.

        Mark J. Neary, Muscatine, for appellee father T.H.

        Timothy K. Wink of Schweitzer & Wink, Columbus Junction, attorney and guardian ad litem for minor children.

        Considered by Vaitheswaran, P.J., Ahlers, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

This appeal of a juvenile court permanency order concerns the placement of half-siblings L.H., fifteen years old, and E.H., twelve years old. In 2018, both children were removed from their mother's care and adjudicated to be children in need of assistance (CINA). For the majority of the CINA proceedings, both children have been in the care of E.H.'s paternal grandparents.

In the spring of 2019, paternity of L.H. was established. L.H. began a relationship with her father, who moved from Minnesota to Iowa for that purpose. The father admits he needs services for parenting skills, which the State has provided. L.H. moved in with her father in March 2020, and the juvenile court formally placed L.H. in his custody in June. E.H. continued to live with her paternal grandparents.

In August 2020, the court held a permanency hearing to determine whether to return the children to the home, order the State to institute termination proceedings, or enter an order establishing a permanent placement. *See* Iowa Code § 232.104 (2018). The court found the children could not be returned to the mother's care, but it also found termination of her parental rights was not in the children's best interests. Instead, it found that the children's best interests are served by placing them in the guardianship or custody of someone other than the mother.

The court weighed whether to place L.H. with her father or in a long-term guardianship with E.H.'s paternal grandparents. It opted for the latter after noting L.H.'s "self-harming behaviors, lack of consistency in counseling services and no contact with her sister" during the six months she was living with her father. The

court also found that her father's "animosity towards [E.H.'s paternal grandparents] is overriding his concerns for his daughter at this time," but the court "hoped that this will be cured with additional time of family counseling between [L.H.] and her father." The court found E.H.'s best interests would be served by placing her in a long-term guardianship with her paternal grandparents.

On appeal, the mother challenges the finding that the children cannot be returned to her care. The State challenges the court's decision to place L.H. in the care of E.H.'s paternal grandparents. We review these claims de novo, giving weight to the juvenile court's findings. *See In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005). Our ultimate concern is the children's best interests. *See In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006).

Before the court can enter an order for permanency under section 232.104(2)(d), the court must find the following:

> (a) A termination of the parent-child relationship would not be in the best interest of the child.
> (b) Services were offered to the child's family to correct the situation which led to the child's removal from the home.
> (c) The child cannot be returned to the child's home.

Iowa Code § 232.104(4). The mother challenges the finding that the children cannot be returned home.

Clear and convincing evidence shows the children cannot be returned to the mother's care. At the time of the permanency hearing, almost two years had passed since the children were removed from the mother's care and twenty months had passed since the children were adjudicated to be CINA. In that time, the mother was offered services to address the circumstances that led to the children's removal—namely, her methamphetamine use and mental health. But

4

the mother continues to test positive for methamphetamine. She failed to address both her substance use and her mental health. Her arguments to the contrary are unpersuasive. Aside from the mother, no party or provider advocated for the children's return to the mother's care. And, as the juvenile court found, both L.H. and E.H. "have adamantly indicated a desire to not return to their mother's custody for good cause."

The mother also contends that the juvenile court erred by denying her request that a specific organization provide mental-health services for the children. She claims the children's current providers do not support reunification. But we are unable to find where the court ruled on any such request. As a result, error is not preserved. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (noting issues must be presented to and ruled on by the juvenile court in order to preserve error for appeal).

We turn then to the State's appeal. The State does not contest the juvenile court's finding that it is in L.H.'s best interests to place her in the guardianship or custody of someone other than the mother. But it challenges the finding that placement with E.H.'s paternal grandparents is in L.H.'s best interest. The State argues that L.H.'s best interests are better served by placing her in the care of her father.

Among the options for placement under Iowa Code section 232.104(2)(d), the juvenile court may:

> (1) Transfer guardianship and custody of the child to a suitable person.
> (2) Transfer sole custody of the child from one parent to another parent.

        (3) Transfer custody of the child to a suitable person for the purpose of long-term care.

The State argues the court should give preference to parental placement but concedes the statute is silent as to the existence of any placement preference. Regardless, our overriding concern in cases arising under chapter 232 is a child's best interests. *See* Iowa Code § 232.1 (directing us to liberally construe chapter 232 in order to "best serve the child's welfare"); *In re Henderson*, 199 N.W.2d 111, 120 (Iowa 1972) (stating a child's welfare and best interests govern in cases arising under chapter 232); *In re B.B.*, 440 N.W.2d 594, 596 (Iowa 1989) ("[A] child's best interests are the paramount concern in applying the juvenile code."); *In re N.M.*, 528 N.W.2d 94, 96 (Iowa 1995) (stating a child's best interests control in our review of a permanency order). Even if a statutory preference for placement of a child exists, the placement must still be in the child's best interests. *See, e.g.*, *In re K.P.*, No. 11-1869, 2012 WL 2122227, at *7 (Iowa Ct. App. June 13, 2012) (finding placement with grandparents preferred over placement with the Iowa Department of Human Services under Iowa Code section 232.102, but noting placement with grandparents must still be in the children's best interests).

        We agree with the juvenile court that L.H.'s best interests are served by placing her with E.H.'s paternal grandparents. Since 2018, L.H. lived with E.H. and her paternal grandparents for all but six months. Although L.H.'s father indicated the children would have consistent visits and interactions while L.H. was living with him, this did not occur. As the juvenile court noted, there is a "significant bond" between L.H. and E.H., and their separation in the six months preceding the permanency hearing had a negative effect on both girls. Though not absolute,

there is a preference for keeping siblings together when doing so is in the children's best interests. *See J.E.*, 723 N.W.2d at 800. L.H.'s relationship with her father is relatively new, and L.H.'s father admits he has no other parenting experience and needs help in developing those skills. Like the juvenile court, we commend L.H.'s father for relocating to Iowa to establish a relationship with L.H. But our concerns over the change in L.H.'s behavior over the short period while she lived with her father—"including significant weight loss and self-harming behaviors of self-piercing her nose in her room at night, drinking alcohol, vaping, cutting, and self-tattooing"—weigh against continuing her placement in his care.

We note that E.H.'s paternal grandparents have fostered a relationship between L.H. and her father and state they will continue to do so. They must be as good as their word. L.H.'s relationship with her father is an important component of her best interest. The juvenile court retained jurisdiction and ordered a review hearing in six months. If the issues that prevent L.H. from being placed in her father's care change and the evidence shows her best interests are served by placing her in the care of her father, the court can modify its order. But on the evidence before us, we affirm the placement of L.H. in the care of E.H.'s paternal grandparents.

**AFFIRMED ON BOTH APPEALS.**